IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

v.

KFx MEDICAL CORPORATION,

    Defendant.

No. C 13-00710 JSW

**ORDER REGARDING MOTION TO DISMISS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Now before the Court is the motion to dismiss filed by Defendant KFx Medical Corporation ("KFx") and the cross-motions for partial summary judgment by KFx and by Plaintiff Travelers Property Casualty Company of America ("Travelers"). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby denies KFx's motion to dismiss, denies KFx's motion for partial summary judgment, and grants Travelers' cross-motion for partial summary judgment.[1]

**BACKGROUND**

In this action Travelers seeks a declaration that it does not owe a duty of coverage to KFx in an underlying lawsuit between KFx and Arthrex, Inc. ("Arthrex"). In the underlying

---

[1] The Court notes that in its motion for summary judgment, KFx improperly incorporates sections from its prior briefing in support of its motion to dismiss. Incorporating argument from another brief is an inappropriate attempt to evade the page limitations, which were already extended from twenty-five to thirty-five pages. KFx is admonished to comply with the Court's orders and that future violations will be sanctioned.

The Court GRANTS the parties' requests for judicial notice ("RJN"). *See* Fed. R. Evid. 201.

lawsuit, KFx filed a patent infringement action against Arthrex. Arthrex, in turn, filed counterclaims against KFx seeking declaratory relief.

The Court will address additional facts as necessary in the remainder of this Order.

## ANALYSIS

**A.      Applicable Legal Standards.**

   **1.      Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The Court's "inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

   **2.      Motion for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light

2

most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *see also* Fed. R. Civ. P. 56(c). An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"); *see also* Fed. R. Civ. P. 56(e). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(e)(3).

**B.     Parties' Motions.**

All of the motions raise the same legal issue – whether Travelers' owes KFx a duty to defend KFx in the underlying lawsuit. California's substantive insurance law governs in this diversity case. *State Farm Mut. Auto. Ins. Co. v. Khoe*, 884 F.2d 401, 405 (9th Cir. 1989). In a dispute over insurance policy coverage, the burden is on the insured to bring the claim within the basic scope of coverage. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 16 (1995). Under California law, "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity. The carrier must defend a suit which potentially seeks damages within the coverage of the policy." *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010) (quoting *Montrose Chem. Corp. of Cal. v. Superior Court*, 6 Cal. 4th 287, 296 (1993)). The insured "need only show that the underlying claim may fall within

policy coverage; the insurer must prove it cannot." *Montrose,* 6 Cal. 4th at 300. Furthermore, "'the insurer's duty is not measured by the technical legal cause of action pleaded in the underlying complaint, but rather by the potential for liability under the policy's coverage as revealed by the facts alleged in the complaint or otherwise known to the insurer.'" *Hudson*, 624 F.3d at 1267 (quoting *CNA Cas. of Cal. v. Seaboard Sur. Co.*, 176 Cal. App. 3d 598, 606 (1986)). In instances where "'there is doubt as to whether the duty to defend exists, the doubt should be resolved in favor of the insured and against the insurer.'" *Id*. (quoting *CNA*, 176 Cal. App. 3d at 607). However, "an insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson v. Fire Ins. Exchange*, 37 Cal. App. 4th 1106, 1114 (1995). "Although an insurer's duty to defend is broader than the duty to indemnify, the duty to defend depends upon facts known to the insurer at the inception of the suit." *Id.*

The insurance policy at issue provides coverage for personal and advertising injury arising out of malicious prosecution. KFx argues that malicious prosecution includes claims for abuse of process. Regardless of whether or not this is an accurate statement of California law, the underlying counterclaims against KFx do not include a claim for abuse of process. "[T]he essence of the [abuse of process] tort [is] ... misuse of the power of the court; it is an act done in the name of the court and under its authority for the purpose of perpetrating an injustice." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1057 (2006). To state a claim for abuse of process, a plaintiff must allege "that the defendant (1) contemplated an ulterior motive in using the process, and (2) committed a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.*

Arthrex brings three counterclaims against KFx. The first counterclaim is for declaratory relief that Arthrex products do not infringe and Arthrex does not contribute to others' infringement of KFx's patents-in-suit. The second is for declaratory relief that the claims of KFx's patents-in-suit are invalid. The third is for declaratory judgment that KFx's patents-in-suit are unenforceable due to unequitable conduct committed before the United States

4

Patent and Trademark Office ("PTO") during prosecution of the applications for KFx's patents-in-suit. (KFx's RJN in Support of Its Motion to Dismiss, Ex. 3.) In its prayer for relief, Arthrex seeks an order enjoining KFx "from threatening or charging infringement of, or instituting any action for infringement of the [patents-in-suit] against Arthrex, its suppliers, customers or any distributor or user of its products...." (*Id*.) Arthrex further requests "[s]uch other and further relief, at law or in equity, to which Arthrez is justly entitled." (*Id*.)

KFx contends that the counterclaims allege that KFx had an ulterior motive in filing the lawsuit, either to extort settlements or impede competition. (Mot. to Dismiss at 9; Mot for Partial Summary Judgment at 15.) KFx's contention fails for two independent reasons. First, even if Arthrex has alleged that KFx had an ulterior motive in filing the lawsuit, such an allegation does not state a claim for abuse of process. Although filing or maintaining a lawsuit for an improper purpose may, "in an appropriate case, give rise to a cause of action for malicious prosecution, the mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Berhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1209 (1986); *see also Ramona Unified Schl. Dist. v. Tsiknas*, 135 Cal. App. 4th 510, 520 (2005).

KFx does not cite any authority to the contrary. In *Verve, L.L.C. v. Hypercom Corp.*, 2006 WL 2390505 (D. Ariz. Aug. 16, 2006), the court was applying Arizona law, not California law. In both *Bidna v. Rosen*, 19 Cal. App. 4th 27, 40 (1993) and *Younger v. Solomon*, 38 Cal. App. 3d 289, 297-98 (1974), the courts explained that accusations of misusing the tools the law affords litigants once they are in a lawsuit, such as improper use of discovery or improper attachments, as opposed to merely filing and maintaining the lawsuit, may state a claim for abuse of process. KFx does not even argue that Arthex made such allegations in its counterclaims.

Second, Arthrex does not allege that KFx had an ulterior motive in filing the lawsuit. In its motion to dismiss, KFx seeks to have the Court infer such allegations from Arthrex's counterclaims. However, Arthrex brings straightforward declaratory relief claims for noninfringement, invalidity, and unenforceability due to KFx's alleged unequitable conduct

5

before the PTO. Arthrex does not actually allege that KFx's lawsuit was initiated for an improper purpose. Inferring such an allegation from Arthrex's counterclaims, although creative and imaginative, is not sufficiently grounded in the actual facts alleged.

In its motion for partial summary judgment, KFx seeks to "bolster" these absent allegations by pointing to extrinsic evidence. However, the extrinsic evidence does not assist KFx. KFx points to the following statements in Arthrex's opposition to KFx's motion for summary judgment: (1) "Since it could not compete in the marketplace, KFx needed to find another way to generate revenue[;]" (2) "If the '311 Patent was found to be unpatenable, that would essentially be the end for KFx. Without any sales to speak of, KFx could certainly not afford to lose one of its most valuable assets; the '311 Patent[;]" and (3) "It was in this context that Mr. Scott, and KFx's attorney ... devised a strategy to use the reexamination as an opportunity to strengthen the '311 patent and prepare it for litigation." (KFx's Request for Judicial Notice in Support of its Motion for Partial Summary Judgment, Ex. 4.) Too many leaps and inferences would have to be drawn to infer from these statements that Artrex is accusing KFx of misusing litigation as a method to generate revenue. Although perhaps Arthrex may at some point make such an accusation, it has not yet done so.

Moreover, even if such an accusation could be inferred from this extrinsic evidence, this extrinsic evidence cannot be used to demonstrate a claim for abuse of process. "[E]xtrinsic evidence is sufficient to compel an insurer to defend only when the evidence pertains *to claims actually asserted* by the third party." *Storek v. Fidelity & Guaranty Ins. Underwriters, Inc.*, 504 F. Supp. 2d 803, 811 (N.D. Cal. 2007) (emphasis added) (citing supporting authority). As the court in *Storek* explained, "an insurer owes no duty to defend based upon mere 'speculation' as to claims that a third party might have brought." *Id*. "An insured may not trigger the duty to defend by speculating about extraneous 'facts' regarding potential liability or ways in which the third party claimant might amend its complaint at some future date." *Gunderson*, 37 Cal. App. 4th at 1114; *see also Hurley Constr. Co. v. State Farm Fire & Cas. Co.*, 10 Cal. App. 4th 533, 538 (1992) ("the insured may not speculate about unpled claims to manufacture coverage."); *Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 503 (9th Cir.

1    1993) ("Only amendments that would include new *causes of action* clearly supported by the
2    facts already pled in the complaint may support a finding of potential liability.") (emphasis in
3    original). As discussed above, Arthrex does not bring any claim for abuse of process or allege
4    any facts which would support a claim for abuse of process.

5    Finally, the "extrinsic facts which may create a duty to defend *must be known by the*
6    *insurer* at the *inception* of the third party lawsuit...." *Gunderson*, 37 Cal. App. 4th at 1114
7    (citing *Montrose Chemical*, 6 Cal. 4th at 295-96). The extrinsic evidence upon which KFx
8    relies is in a brief filed in response to a motion for summary judgment during the course of the
9    litigation, brought after Arthrex filed its counterclaims. This evidence did not exist at the time
10   the counterclaims were filed.

11   KFx's contention that Arthrex alleges a claim for disparagement fares no better. The
12   insurance policy provides that personal injury includes injury caused by publication of material
13   that "disparages a person's or organization's goods, products or services." (Declaration of Peter
14   B. Bernier, Ex. A.) KFx argues "Arthrex claimed injury from KFx's statements and in turn
15   sought damages from KFx in court." (KFx's Partial Motion for Summary Judgment at 9.) To
16   support this argument, KFx's relies on the infringement allegations it asserts against Arthrex in
17   its complaint and that Arthrex seeks a declaration of non-infringement and of invalidity and
18   seeks to enjoin KFx's from threatening or charging infringement. Again, similar to abuse of
19   process, Arthrex's counterclaims simply do not contain any allegation that KFx published
20   material that disparaged Arthrex's goods, products or services. Therefore, extrinsic evidence
21   may not be used to establish the publication of any disparaging statements or that Arthrex was
22   concerned about KFx's statements.

23   Accordingly, the Court finds that Travelers does not have a duty to defend KFx against
24   Arthrex's counterclaims as the are currently pled. Therefore, the Court grants Travelers'
25   motion for partial summary judgment on its first two claims and denies Kfx's motion to dismiss
26   and cross-motion for partial summary judgment.

27   ///
28   ///

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Travelers' motion for partial summary judgment on its first two claims, DENIES KFx's cross-motion for partial summary judgment, and DENIES KFx's motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 12, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8